**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5326-18T2

ALEX PULLEN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 7, 2020 – Decided December 1, 2020

Before Judges Sumners and Mitterhoff.

On appeal from the New Jersey Department of Corrections.

Alex Pullen, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Chanell Branch, Deputy Attorney General, on the brief).

PER CURIAM

Alex Pullen, an inmate at South Woods State Prison, appeals from an April 11, 2019 final order of the New Jersey Department of Corrections (DOC), adjudicating him guilty of *.002, assault; *.203, possession of a prohibited substance; and .257, violating a condition of a Residential Community Release Program.[1]  Pullen was sanctioned with 181 days of administrative segregation, 120 days' loss of commutation time, and 15 days' loss of recreation privileges for the *.002 violation; and a consecutive 91 days of administrative segregation, permanent loss of contact visits, and 365 days urine monitoring for the *.203 violation.  The .257 violation was reduced to an "on the spot charge" with a sanction of 5 days' loss of recreational privileges.  The DOC has requested a limited remand to rescind the .257 charge as duplicative.  Based on our review of the record and the governing law, we affirm the findings of guilt with regard to the *.002 and *.203 infractions, vacate the finding of guilt with regard to the .257 infraction, and remand the matter to allow the DOC to rescind the .257 violation.

---

[1]  N.J.A.C. 10A:4-5.1 includes a schedule of sanctions broken into five categories lettered A-E. Level A infractions are the most severe while level E are the least severe.  Violations denoted with a "*" are the most severe and subject to level A and B sanctions.

Pullen is currently incarcerated at South Woods State Prison. At all times relevant to this appeal, however, he was incarcerated at the Kintock Group, which is a Residential Community Release Program.[2]

The essential facts, adduced before a hearing officer, were based on the staff reports of three Resident Supervisors (R/S), an incident report prepared by a facility manager, and a video of the incident. The hearing officer also considered: (1) a preliminary incident report, (2) an application for prehearing disciplinary housing placement (PHD), (3) the hold slip created for PHD, (4) a medical report clearing defendant for PHD, (5) a seizure of contraband report describing the items taken from defendant during the incident, (6) photocopies of the contraband seized, (7) a disciplinary discharge summary, and (8) the narcotics field test report. On April 7, 2019, R/S White was conducting a tour in the cafeteria when he observed an inmate pass something off to Pullen in the courtyard. Id. R/S White called for backup. Id. R/S Hancock, R/S Ferrer, and facility manager Porter responded. Id. The staff members removed both inmates from the courtyard and escorted them to the lobby to be searched. Id.

---

[2] A Residential Community Release Program is an "Assessment and Treatment Center, halfway house, or Substance Use Disorder Treatment Program under contract with the New Jersey Department of Corrections." N.J.A.C. 10A:20-1.3. The program provides counseling and treatment services to help inmates transition from incarceration to release. https://reentrycoalitionofnj.org/

A-5326-18T2

Pullen removed his shoes, was sent through a metal detector, and patted down. Id. He was then ordered to turn his pockets inside out. Id. Upon doing so, R/S Ferrer noticed a folded paper in his possession. Id. When R/S Ferrer confiscated the paper, Pullen grabbed his arm with one hand and reached over with the other in an attempt to retrieve it. Id. A brief scuffle ensued. Id. No one was injured. Id. Pullen was immediately placed in a holding cell before being transported to South Woods State Prison. A green leafy substance was found in the paper that a field test determined was synthetic cannabinoids.

At the disciplinary hearing, Pullen, with the assistance of a counsel substitute, presented a written statement he prepared describing the incident. Pullen asserted that he fully complied with the search and was attacked by R/S Ferrer while putting his boots back on. Id. He denied possessing any contraband and claimed he did not know where the paper containing synthetic cannabinoids came from. Id. Pullen also presented a written statement prepared by the other inmate involved in the altercation. That statement corroborated Pullen's version of events and indicated the inmate did not see R/S Ferrer retrieve anything from him.

Pullen, counsel substitute, and the hearing officer also watched a video that captured the incident. At the conclusion, the hearing officer found Pullen

4

guilty of all charges, noting specifically the inmate statements were contradicted by the video evidence.

Pullen administratively appealed the decision of the hearing officer.  On April 11, 2019, a DOC Assistant Superintendent upheld the determinations of guilt and sanctions imposed.  Id.

On appeal, Pullen presents the following issues for our review:

POINT I

THE HEARING OFFICER'S FINDING OF GUILT WAS NOT BASED ON SUBSTANTIAL EVIDENCE TO SUPPORT APPELLANT COMMITTED PROHIBITED ACT BY A CONCLUSION OF LAW AND FACTS

POINT II

THE DECISION OF THE HEARING OFFICER WAS NOT BASED ON SUBSTANTIAL EVIDENCE

Our review of an administrative agency's decision is limited.  See In re Stallworth, 208 N.J. 182, 194 (2011).  We "afford[] a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting City of Newark v. Nat. Res. Council, Dep't of Env't Prot., 82 N.J. 530, 539 (1980)).  Thus, "[w]ithout a 'clear showing' that it is arbitrary, capricious, or

unreasonable, or that it lacks fair support in the record, an administrative agency's final . . . decision should be sustained, regardless of whether a reviewing court would have reached a different conclusion in the first instance." Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009).

An inmate is not accorded the full panoply of rights in a disciplinary proceeding afforded a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975). Instead, prisoners are entitled to: (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) an impartial tribunal; (3) a limited right to call witnesses and present documentary evidence; (4) a limited right to confront and cross-examine adverse witnesses at a hearing; (5) a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and (6) where the charges are complex, the assistance of a counsel substitute. Id. at 525-33; accord Jacobs v. Stephens, 139 N.J. 212, 215 (1995); McDonald v. Pinchak, 139 N.J. 188, 192 (1995).

N.J.A.C. 10A:4-9.15(a) requires a finding of guilt at a disciplinary hearing to be supported by substantial evidence. "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a

conclusion.'" Figueroa v. New Jersey Dep't of Corr., 414 N.J. Super. 186, 191-92 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

We are satisfied Pullen received all the procedural protections afforded to inmates during disciplinary proceedings. Timely notice was given of the charges against him, and he received the assistance of a counsel substitute during the hearing. Pullen was allowed to testify in his defense, present the written statement of another inmate, and view video footage of the incident. He also received a description of the evidence the hearing officer relied upon in making in its determination.

We reject Pullen's argument that there was insufficient evidence to sustain the findings of guilt. The evidence the hearing officer relied upon in making the determination included corroborating staff reports of four facility employees who were either involved in or witnessed the incident. Each gave a first-hand account of Pullen being taken from the courtyard to the lobby where a physical altercation between him and R/S Ferrer took place. The staff reports also indicated Pullen was in possession of a folded paper containing a prohibited substance.

The video footage of the incident is fatal to Pullen's account of the incident. It clearly depicts him placing something into his right pocket moments

before he was confronted by staff members. Pullen and the other inmate were then escorted to the lobby to be searched. After Pullen turned his right pocket inside out, R/S Ferrer took something from him, which a narcotics field test later confirmed was synthetic cannabinoids. The video corroborates the staff reports prepared by R/S Ferrer, R/S Hancock, and R/S White as well as Porter's incident report. Conversely, the video belies both statements prepared by the inmates. It shows R/S Ferrer was not the aggressor and that Pullen possessed an object later identified as contraband. Based on the substantial evidence in the record, we discern no basis to disturb the DOC's findings of guilt.

We grant the DOC's request for a partial remand to rescind the charge of .257–violating a condition of any Residential Community Release Program, as duplicative of the *.002 charge. R. 2.5-5(b). Therefore, we vacate the hearing officer's determination of guilt with respect to the .257 violation and remand so the DOC may rescind the duplicative charge.

To the extent we have not addressed any of Pullen's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed in part and vacated and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION